# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| FRANCESCA MICELI, as \*<br>Administratrix of the Estate of \*<br>MARGUERITE MICELI, \*<br>\* | No. 10-131V |
| Petitioner, \*<br>\* | Special Master<br>Christian J. Moran |
| v. \*<br>\* | Filed: February 19, 2016 |
| AND HUMAN SERVICES, \*<br>\* | Ruling on the record |
| Respondent. \* | |

* * * * * * * * * * * * * * * * * * * * * * * * *

F. John Caldwell, Jr., Maglio, Christopher & Toale, PA, Sarasota, FL, for petitioner;
Debra Filteau-Begley, United States Dep't of Justice, Washington, DC, for respondent.

**UNPUBLISHED DECISION DENYING COMPENSATION** [1]

Marguerite Miceli filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10 through 34 (2006), on March 1, 2010. In her petition, Marguerite alleged that the human papillomavirus ("HPV") vaccines she received on July 10, 2007, and September 14, 2007, caused her to suffer systemic lupus erythematosus ("SLE"), Raynaud's disease, and fibromyalgia. Pet. at 1, 3, 5. The information in the record, however, does not show entitlement to an award under the Program.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this ruling on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

### I. **<u>Procedural History</u>**[2]

The petition was filed on March 1, 2010,[3] and over the next eight months, Marguerite filed medical records (exhibits 1-10) and her affidavit (exhibit 11). The Secretary filed the Rule 4 report on March 14, 2011.

On December 5, 2011, a hearing was held by videoconferencing. Marguerite's mother, sister, and Marguerite herself testified. Marguerite was ordered to obtain additional information which was submitted by July 2012.

On September 10, 2012, Marguerite died. The autopsy listed her cause of death as acute respiratory distress syndrome secondary to thrombotic thrombocytopenic purpura in the setting of systemic lupus erythematous. Exhibit 39 at 3. Her death, as described in footnote 2, prompted a substitution for the petitioner.

The undersigned found facts about Marguerite's health in the year before her HPV vaccinations. In response to a motion from respondent, the undersigned issued revised findings of fact on September 13, 2015.

On September 29, 2015, a status conference was held to discuss the petitioner's progress in obtaining an expert and what the parties' should have their respective experts address in their reports. On December 16, 2015, a status conference was held to further discuss petitioner's progress toward locating an expert. Petitioner's counsel informed the undersigned that petitioner did not want to continue with the case and would seek a ruling on the record. Petitioner filed a status report on January 8, 2016, to request additional time to confer with counsel to determine how to proceed.

On January 22, 2016, petitioner filed a motion for a decision on the record. This document responds to that motion.

---

[2] A more detailed procedural history can be found in the March 12, 2015, unpublished ruling finding facts.

[3] Originally, the petitioner was Marguerite Miceli. However, while the petition was pending, Marguerite died. After Marguerite's death, her sister, Francesca Miceli, became the administrator of her estate and became the petitioner. <u>See</u> exhibit 37 and order, filed November 8, 2012.

Consistent with the parties' practice, this ruling refers to Marguerite Miceli as "Marguerite." This differentiates her from her sister.

## II. <u>Analysis</u>

To receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), petitioner must prove either 1) that Marguerite suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to her vaccination, or 2) that she suffered an injury that was actually caused by a vaccine. <u>See</u> §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). An examination of the record did not uncover any evidence that Marguerite suffered a "Table Injury." Thus, petitioner is necessarily pursuing a causation-in-fact claim.

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In this case, because the medical records do not support Marguerite's claim, a medical opinion must be offered in support. Petitioner was given the opportunity to obtain an expert opinion, but no additional opinion was offered.

Accordingly, petitioner has not submitted persuasive evidence in support of compensation. Petitioner is not entitled to compensation. **The Clerk shall enter judgment accordingly.**

Any questions may be directed to my law clerk, Dan Hoffman, at (202) 357-6360.

IT IS SO ORDERED.

S/Christian J. Moran
Christian J. Moran
Special Master
