# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| FRANCESCA MICELI, as | * | |
| Administratrix of the Estate of | * | No. 10-131V |
| MARGUERITE MICELI, | * | |
| | * | |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | Filed: October 27, 2016 |
| | * | |
| AND HUMAN SERVICES, | * | Attorneys' fees and costs; award in |
| | * | the amount to which respondent does |
| Respondent. | * | not object. |
| | * | |

* * * * * * * * * * * * * * * * * * * *

F. John Caldwell, Jr., Maglio, Christopher & Toale, Sarasota, FL, for petitioner;
Debra A. Filteau Begley, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION ON FEES AND COSTS[1]

On September 26, 2016, petitioner moved for attorneys' fees and costs in the above-captioned matter. In subsequent informal discussions, respondent raised objections to certain items. Petitioner amended her motion to request reimbursement for attorneys' fees and costs in the amount of **$123,500.00**, an amount to which respondent does not object. The Court awards this amount.

* * *

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

This case was filed over six years ago on March 1, 2010, when Marguerite Miceli[2] filed a petition for compensation alleging that the human papillomavirus ("HPV") vaccines she received on July 10, 2007, and September 14, 2007, caused her to suffer systemic lupus erythematosus ("SLE"), Raynaud's disease, and fibromyalgia. Pet. at 1, 3, 5. A fact hearing was held via videoconference on December 5, 2011, at which time additional sources of records were identified and, over several months, obtained and filed. On September 10, 2012, Marguerite died prompting the substitution of the current party. While the parties reviewed the records filed to date to draft proposed findings of fact, they determined additional records were needed and over the next year this task was undertaken.

On March 12, 2015, the undersigned issued Findings of Facts and after additional records were filed, petitioner moved for a decision on January 22, 2016. <u>Decision</u>, issued Mar. 12, 2015, 2015 WL 1567845. The undersigned issued a decision denying compensation to petitioner. <u>Decision</u>, issued Feb. 19, 2016, 2016 WL 1178074.

\*       \*       \*

Even though compensation was denied, a petitioner who brings her petition in good faith and who has a reasonable basis for the petition may be awarded attorneys' fees and costs. See 42 U.S.C. § 300aa–15(e)(1). Here, counsel for petitioner gathered and filed medical records, a hearing was held in which the undersigned issued findings of facts, and counsel for petitioner then then discussed obtaining an expert report with his client. Ultimately, petitioner's counsel moved for a decision on the record when further investigation revealed that petitioner was unlikely to prove her case. Thus, because petitioner's counsel acted in good faith and because there was a reasonable basis for proceeding, petitioner is eligible for an award of attorneys' fees and costs. Respondent does not contend that petitioner failed to satisfy these criteria.

Petitioner seeks a total of $123,500.00 in attorneys' fees and costs. In compliance with General Order No. 9, petitioner states that she advanced no monies for reimbursable costs in pursuit of his claim.

After reviewing the request, the Court awards the following:

---

[2] Originally, the petitioner was Marguerite Miceli. However, while the petition was pending, Marguerite died. After Marguerite's death, her sister, Francesca Miceli, became the administrator of her estate and became the petitioner. <u>See</u> exhibit 37 and order, filed November 8, 2012.

**A lump sum of $123,500.00 in the form of a check made payable to petitioner and petitioner's attorney, F. John Caldwell, Jr., of Maglio, Christopher & Toale, for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED**.

<u>s/Christian J. Moran</u>
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.